SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
ashartsis@sflaw.com
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff
VIRTUAL RESEARCH CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUAL RESEARCH CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VLOCITY INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Virtual Research Corporation ("Plaintiff" or "VRC"), by its attorneys, for its Complaint against Defendant Vlocity Inc. ("Defendant" or "Vlocity"), avers as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendant Vlocity's improper and deliberate use of a trademark – VLOCITY – that is nearly identical to Plaintiff VRC's federally-registered and common-law famous VELOCITY marks in connection with a software product specifically designed for the insurance industry that is nearly identical to Plaintiff's products. Consumers in the insurance industry are highly likely to be confused by Defendant's use of the VLOCITY mark on its own software product, believing incorrectly that Plaintiff is the source of Defendant's product, or that Plaintiff is related to, affiliated with, a sponsor of, or endorsing in some way Defendant. Indeed, potential customers of Plaintiff have recently expressed confusion regarding

Plaintiff and Defendant's marks. Defendant's conduct constitutes trademark infringement, trademark dilution, and unfair competition under federal and state law. Plaintiff seeks damages and injunctive relief restraining Defendant's unlawful activities.

**JURISDICTION**

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a), as the claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including 15 U.S.C. § 1114. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §§ 1338(b) and 1367, as the state law claim is joined with a substantial and related claim under federal law, and under the principles of supplemental jurisdiction.

**PARTIES**

3. Plaintiff Virtual Research Corporation is a California corporation with its principal place of business in Westlake Village, California. At all relevant times alleged herein, Plaintiff was, and is, in the business of developing, marketing, and selling software products for the insurance industry in California and across the country.

4. On information and belief, Defendant Vlocity Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Defendant develops, markets, and sells software products for the insurance industry in California and across the country.

**VENUE**

5. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendant has its principal place of business in this district, does substantial business in this district, has systematic contacts with this district, has committed acts of infringement in this district, has caused injury in this district, and the claims arose in this district.

**INTRADISTRICT ASSIGNMENT**

6. Pursuant to Local Rule 3-2, Intellectual Property actions are assigned on a district-wide basis.

**FACTS COMMON TO ALL COUNTS**

**Plaintiff's Software Products**

7. Plaintiff VRC has developed, marketed, and sold software designed for the insurance industry continuously since 1986. Plaintiff's suite of software products for the insurance industry provide a comprehensive package of functions and features essential to that industry. Among numerous other functions and features, Plaintiff's software products allow users to manage customers' policies and claims, provide and track rates and quotes, track and manage customers and prospective customers, and monitor financial data and accounts receivable. Plaintiff's software products include many of the functions and features typically referred to as "customer relationship management" ("CRM").

8. Plaintiff markets and sells its software products to insurers, brokers, customer service representatives, producers, and their customers. The products are used by thousands of such users, and Plaintiff's customers for these products include five of the top ten insurance brokers in the United States.

**Plaintiff's Trademarks**

9. Plaintiff has used the VELOCITY mark in connection with the above-described software products for the insurance industry since at least 2000. The VELOCITY mark has become so well-known in that industry that consumers often use the mark to refer to both Plaintiff's flagship software products and the company itself.

10. Along with its common-law VELOCITY mark, Plaintiff is also the owner of a federally-registered mark for VELOCITY plus design (U.S. Reg. No. 3,460,246) for "computer software run from an application server in the insurance industry" in International Class 9 (the "Registered VELOCITY Mark"). A true and correct copy of the registration certificate for the Registered VELOCITY Mark is attached as Exhibit A. (Plaintiff's common-law VELOCITY mark and the Registered VELOCITY Mark are collectively referred to as the "VELOCITY Marks.")

11. Plaintiff has complied with the requirements of 15 U.S.C. § 1065, and, as a result, the Registered VELOCITY Mark has become incontestable.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

12. Plaintiff's VELOCITY Marks are strong and inherently distinctive. Plaintiff's VELOCITY Marks have also acquired strength and become widely recognized in the insurance industry across the country based on the duration of Plaintiff's use of the marks, the volume of products sold under the marks, and the amount of advertising, promotion, and public recognition.

**Defendant's Wrongful Use of the VLOCITY Mark**

13. In 2015, Plaintiff discovered that Defendant Vlocity was marketing and selling CRM software designed for the insurance industry under the VLOCITY mark.

14. On information and belief, according to its website at www.vlocity.com, Defendant began marketing its software product for the insurance industry in and around October 2014.

15. Defendant's VLOCITY mark is nearly identical to Plaintiff's VELOCITY Marks. Only one letter separates Plaintiff's and Defendant's marks; the marks sound the same when spoken; and the marks provide the same connotation.

16. Defendant's VLOCITY software product for the insurance industry is likewise strikingly similar to Plaintiff's software products. On information and belief, according to Defendant's website, Defendant develops, markets, and sells CRM software for the insurance. industry. According to the website, Defendant's new VLOCITY software product for the insurance industry includes many of the exact same features and functions as Plaintiff's long-standing software products, including but not limited to managing customers' policies and claims, tracking and providing rates and quotes, and tracking and managing customers and prospective customers. (Defendant's CRM software product for the insurance industry is referred to herein as "Defendant's Product" or "Defendant's Software Product." Although Defendant develops, markets, and sells other CRM software products designed for other industries, this action is only concerned with Defendant's VLOCITY software product for the insurance industry.)

17. On information and belief, Plaintiff's VELOCITY and Defendant's VLOCITY products are marketed to the same types of consumers using the same marketing channels and channels of trade.

18. On information and belief, Defendant's selection and use of the VLOCITY mark

- 4 -

Case No. COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

on Defendant's Product was made with actual knowledge of Plaintiff's use of the VELOCITY Marks on its products and appears to be willfully and deliberately calculated to improperly trade on VRC's long-standing goodwill in the insurance industry. For example, and without limitation, on information and belief, Defendant's vice president in charge of the insurance industry, Ron Young, previously worked at Aon, a longtime customer of Plaintiff's VELOCITY software products.

### Actual Confusion Regarding Plaintiff and Defendant's Marks

19. Confusion resulting from Defendant's use of the VLOCITY mark is not only highly likely; actual confusion regarding Plaintiff's products and Defendant's Product has already occurred.

20. Plaintiff is aware of a number of instances of customers and potential customers expressing confusion regarding Defendant's Product and/or the affiliation of Plaintiff and Defendant. By way of example, and without limitation, both Plaintiff and Defendant attended and each maintained a booth at a recent trade show in June in Las Vegas. At least two potential customers attending the trade show expressed confusion to Plaintiff's representatives regarding the affiliation between Plaintiff and Defendant.

### CLAIMS FOR RELIEF

### FIRST CLAIM
**(Federal Trademark Infringement – 15 U.S.C. §§ 1114 and 1125(a))**

21. Plaintiff VRC repeats and re-alleges, as if fully set forth, the allegations contained in paragraphs 1 through 20 above.

22. Plaintiff is the owner of the common-law VELOCITY mark and the Registered VELOCITY Mark, which trademarks are identified with particularity in paragraphs 9 and 10 above.

23. Plaintiff's use of each of the VELOCITY Marks has been continuous, uninterrupted, and precedes Defendant's use of the VLOCITY mark.

24. Consumers rely on the VELOCITY Marks to identify and designate Plaintiff's products, and to distinguish them from the products of others.

- 5 -
Case No.   COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

25. Each of the VELOCITY Marks is inherently distinctive and/or has acquired secondary meaning, and the Registered VELOCITY Mark has become incontestable under 15 U.S.C. § 1065.

26. Defendant has infringed the VELOCITY Marks by various acts, including, without limitation, the use of the VLOCITY mark in interstate commerce in connection with the selling, offering for sale, promotion, and advertising of Defendant's Product.

27. Defendant's use of the VLOCITY mark in connection with Defendant's Product has not been authorized by Plaintiff. Such use is likely to cause confusion, to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Product by Plaintiff.

28. Defendant's use of the VLOCITY mark in interstate commerce constitutes infringement of Plaintiff's Registered VELOCITY Mark under 15 U.S.C. § 1114(1).

29. Defendant's use of the VLOCITY mark in interstate commerce constitutes infringement of Plaintiff's common-law VELOCITY mark under 15 U.S.C. § 1125(a).

30. Upon information and belief, Defendant's infringing acts were willful and committed with knowledge and the intention to cause confusion, mistake, or deception on the consuming public.

31. Defendant's use of the VLOCITY mark in connection with its Product has been made notwithstanding Plaintiff's prior established rights in the VELOCITY Marks and with both actual notice and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

32. Defendant's infringement of Plaintiff's trademarks has irreparably harmed, and is likely to continue to irreparably harm, Plaintiff's business, reputation, and goodwill. Injunctive relief is appropriate because Plaintiff has suffered, and likely will continue to suffer, damage for which there is no adequate remedy at law.

33. Plaintiff has been damaged and will continue to sustain damage in an amount according to proof.

**SECOND CLAIM**
**(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

34. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 33 above.

35. Defendant has diluted Plaintiff's VELOCITY Marks within the meaning of 15 U.S.C. § 1125(c).

36. The VELOCITY Marks are famous and well known.

37. Defendant's objectionable use of the VLOCITY mark has not been authorized by Plaintiff.

38. Defendant has made commercial use of the VLOCITY mark in commerce, and such use has diluted, and is likely to continue to dilute, the quality of Plaintiff's VELOCITY Marks.

39. Defendant began its commercial use of the VLOCITY mark in commerce after the VELOCITY Marks had become famous, and Defendant is willfully continuing to trade upon Plaintiff's hard-earned reputation and goodwill, all to the detriment and damage of Plaintiff.

40. Defendant's use of the VLOCITY mark dilutes the quality of the VELOCITY Marks by diminishing the capacity of such marks to identify and distinguish Plaintiff's products.

41. Defendant's acts of trademark dilution have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in its marks. Plaintiff has no adequate remedy at law.

42. Plaintiff has been damaged and will continue to sustain damage in an amount according to proof.

**THIRD CLAIM**
**(Federal Unfair Competition – 15 U.S.C. § 1125(a))**

43. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 42 above.

44. Defendant has used the VLOCITY mark and is commercially exploiting the VLOCITY mark. Defendant's exploitation misrepresents the nature, characteristics, and qualities

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

of Defendant's goods by suggesting a connection with Plaintiff and/or Plaintiff's software products. Among other things, Defendant's use of the VLOCITY mark constitutes false advertising, false designation of origin, and false representation in violation of 15 U.S.C. § 1125(a).

45. Defendant's actions described above have irreparably harmed, and are likely to continue to irreparably harm, Plaintiff's business, reputation, and goodwill. Injunctive relief is appropriate because Plaintiff has suffered, and likely will continue to suffer, damage for which there is no adequate remedy at law.

46. Plaintiff has been damaged and will continue to sustain damage in an amount according to proof.

### FOURTH CLAIM
### (California Unfair Competition – Cal. Bus. & Prof. Code § 17200)

47. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 46 above.

48. Defendant's acts of infringement and dilution, described above, constitute unlawful, unfair, or fraudulent business acts or practices in violation of section 17200 *et seq.* of the California Business and Professions Code.

49. Defendant's commercial use of the VLOCITY mark will likely cause consumers to be deceived regarding the nature and origin of Defendant's Product designated with the VLOCITY mark.

50. Plaintiff has suffered and will continue to suffer actual injury resulting in the loss of money it otherwise would have earned from sales of its products.

51. Defendant's unfair, unlawful, or fraudulent business acts or practices have harmed, and are likely to continue to irreparably harm, Plaintiff's business, reputation, and goodwill. Injunctive relief is appropriate because Plaintiff has suffered, and likely will continue to suffer, damage for which there is no adequate remedy at law.

### PRAYER

WHEREFORE, Plaintiff VRC prays for judgment against Defendant Vlocity as follows:

1. For damages according to proof;

2. For a permanent injunction to issue restraining Defendant, its agents, employees, servants, licensees, affiliates, successors, assigns, any parent and subsidiary corporations, other representatives, and all those in privity with or acting under their direction and/or pursuant to their control, from directly and indirectly:

    (a) using the VLOCITY mark in connection with the offering of its products or services for the insurance industry; and

    (b) infringing Plaintiff's trademarks or causing any likelihood of confusion, deception, or mistake as to the source, origin, sponsorship, or association of Defendant's products with Plaintiff;

3. For all of Defendant's profits derived from its infringement of Plaintiff's trademarks;

4. For a finding that this is an exceptional case under 15 U.S.C. § 1117, and an award of Plaintiff's reasonable attorney fees expended in this action;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff VRC hereby demands a trial by jury of all issues so triable.

DATED: July 20, 2015    SHARTSIS FRIESE LLP

By: **/s/ Joseph V. Mauch**
    JOSEPH V. MAUCH

Attorneys for Plaintiff
VIRTUAL RESEARCH CORPORATION

- 9 -
Case No.    COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,460,246
Registered July 8, 2008

## TRADEMARK
## PRINCIPAL REGISTER



VIRTUAL RESEARCH CORPORATION (CALIFORNIA CORPORATION)
32121 LINDERO CANYON ROAD #100
WESTLAKE VILLAGE, CA 91361

FOR: COMPUTER SOFTWARE RUN FROM AN APPLICATION SERVER IN THE INSURANCE INDUSTRY, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-1-1995; IN COMMERCE 7-1-1995.

THE MARK CONSISTS OF STYLIZED LETTER "V" FOLLOWED BY SCRIPTED LETTERS.

SER. NO. 77-124,846, FILED 3-7-2007.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY